UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARILYN POWELL, )
 )
      Plaintiff, )
 )
v. ) No. 3:10-CV-212
 ) (SHIRLEY)
 )
ALCOA HIGH SCHOOL, and )
SCOTT PORTER, )
 )
      Defendants. )

## REPORT AND RECOMMENDATION

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of plaintiff's Application To Proceed *In Forma Pauperis*. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned. For the reasons more fully stated below, the Court finds that the Plaintiff should be allowed to file her Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e).

**I.    BACKGROUND**

This suit has been brought by Marilyn Powell ("Ms. Powell"), the mother of C.P. a minor. Though Ms. Powell is the only person captioned in this case, the complaint attempts to remedy deprivation of C.P. and Ms. Powell's rights.[1] This complaint harkens back to facts which are familiar to the Court. Though the Court will not review the events from which Marilyn Powell's

---

[1] The style of this case and Ms. Powell attempts to represent C.P.'s interests *pro se* are improper and contrary to the local rules. However, in this Report and Recommendation the Court has addressed only the substantive failures of this suit rather than its numerous procedural defects, as the Court finds the substantive failures necessitate dismissal notwithstanding the procedure defects.

disputes with the Alcoa School System originate in their entirety, a brief review of the timeline is appropriate.[2]

During the 2008-2009 school year, C.P. was enrolled as a sophomore at Alcoa High School, a public school operated by the Alcoa City School District. At the beginning of the 2008-2009 school year, Scott Porter ("Mr. Porter"), the principal at Alcoa High School, allegedly Ms. Powell that her son was referred to the Pershing Alternative School ("PAL"). Ms. Powell took issue with this assessment and wrote to Mr. Porter and his superiors expressing these sentiments.

On October 31, 2008, Ms. Powell, C.P., and Mr. Porter met and signed a "Behavior Contract," following behavioral issues. On November 10, 2008, C.P. received a disciplinary report, which was followed by another disciplinary report on November 25, 2009. Thereafter, C.P. was placed in PAL. On February 4, 2009, C.P. was suspended from PAL for disrespect to a teacher and failure to comply with the dress code. Throughout this period, Ms. Powell wrote and contacted the school and administrators to express her dissatisfaction with the school's disciplinary and placement decisions.

During the same period, C.P. was under the supervision of the Blount County Juvenile Court. Although the terms of this supervision have never been fully established, C.P.'s suspension from school was cited as a violation of his conditions of supervision, and in early March, C.P. was placed in the custody of the Blount County Juvenile Justice System. C.P. was later sentenced to 210 days in juvenile detention.

---

[2]For a complete discussion of the pertinent facts see Doc. 18 in Case No. 3:08-CV-248 at 2-6.

Since that time, Ms. Powell has filed seven suits in this Court.[3] All of these cases relate to the facts stated above, but two of the cases were specifically brought by this Plaintiff against the Defendants listed above, see Powell v. Alcoa High School, et al., Case No. 3:09-CV-113, and Powell v. Alcoa City Schools, et al., Case No. 3:09-CV-248.

## II. ANALYSIS

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To accomplish this ends, a court must evaluate the litigant's indigence, but notwithstanding, indigence a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915 if the litigation is frivolous and malicious or fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

### A. Indigence

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25 (1992). The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be

---

[3]Powell v. Alcoa High School, et al., Case No. 3:09-CV-113; Powell v. Helen Ross McNabb Home Base Program et al., Case No. 3:09-CV-171; Powell v. Alcoa City Schools, et al., Case No. 3:09-CV-248; Powell v. Blount County Juvenile Detention Center, Case No. 3:09-CV-277; Powell v. Blount County Juvenile Detention Center, et al., Case No. 3:09-CV-411; Powell v. State of Tennessee, Case No. 3:10-CV-126; and Powell v. Alcoa Police Dept., Case No. 3:10-CV-212.

absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Adkins, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. Id. at 339.

In the present case, the petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears that Plaintiff's application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees, therefore, is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint in this matter without prepayment of costs or fees. See Gibson, 915 F.2d at 262-63. **The Clerk SHALL NOT issue process, however, at this time.**

**B.    Merits**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See Neitzke, 490 U.S. 319.[4]

*1.    Failure to State a Claim Upon Which Relief Can Be Granted*

The matter now before the Court seeks to remedy constitutional violations under 42 U.S.C. § 1983 for the suspension of C.P. on February 4, 2009, and Mr. Porter's alleged failure to contact Ms. Powell.

On March 16, 2009, Ms. Powell filed the first of her, now, three suits against Alcoa High School and Mr. Porter. As in the present matter, Ms. Powell alleged constitutional violations based

---

[4]Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (M.D. Pa.) (1997).

4

upon the events of February 4, 2009. [See Doc. 1 in Case No. 3:09-CV-113]. On June 5, 2009, Ms. Powell filed a second action filed against Mr. Porter and Alcoa High School, along with other entities and persons, for constitutional claims under 42 U.S.C. § 1983 based upon the events cited above and for violations of the Individuals with Disabilities Education Act. [See Doc. 3 in Case No. 3:09-CV-248].

The undersigned held a hearing in the case to address the defendants' motion to dismiss under Rule 12 under the Rules of Civil Procedure. The Court granted the motion to dismiss based upon Ms. Powell's representation that the claims would be pursued in Case No. 3:09-CV-113, the case discussed above, and the Court found that any claims under the Individuals with Disabilities Education Act were premature as the available administrative remedies had not be exhausted. [Doc. 18 in Case No. 3:09-CV-248].

The District Court addressed the constitutional claims in the first-filed case, 3:09-CV-113, on February 16, 2010. Even taking into consideration Ms. Powell's *pro se* status and construing the pleadings in a liberal fashion, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court found that the Plaintiff's allegations were insufficient and defective. Accordingly, the Court ordered the claims dismissed for a variety of failures on the merits and procedural deficiencies, including;

> (1) lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), (4), and (5); (3) failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and (4) because plaintiff, suing on behalf of her son, C.P., and acting as his lawyer, is practicing law without a license.

Powell v. Alcoa High School, Doc. 22, Case No. 3:09-CV-113 (Varlan, J.) (E.D. Tenn. Feb. 16,

2010).

The Court has reviewed the Plaintiff's present claims and can find no basis upon which to distinguish the current allegations from those dismissed for, *inter alia*, failure to state a claim, in the previous action. Accordingly, the Court recommends that the Plaintiff's action should be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  *Frivolousness and Maliciousness*

As previously stated, the Plaintiff has filed two prior suits which mirror this action in both their constitutional claims and their parties. In addition, the Plaintiff has filed five other suits, which are not identical to the present suit, but nonetheless seek remedy for the facts alleged above against various persons and entities. It is well-established that litigants are not entitled to the proverbial "second bite at the apple," let alone a third bite at the apple. The Court has ruled on the Plaintiff's claims, and the principles of collateral estoppel and res judicata, which establish finality in court rulings on the same issues and fact, preclude re-litigation of the matters before the Court. Ms. Powell's continued attempts to re-litigate these issues are frivolous.

While the Court has not based its opinion on a finding of maliciousness, the Court notes that at some point repeated suits against a person or entity for claims that have been previously addressed become unacceptable harassment. As the Court of Appeals for the Sixth Circuit has explained, "Under [28 U.S.C. § 1915], a complaint that merely repeats previously litigated claims may be considered abusive." May v. Challenger Comm. Sys., Inc., 875 F.2d 865 (6th Cir. 1989) (citing Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981)).

Accordingly, the Court recommends that the Plaintiff's action should be dismissed due to frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i).

## III. CONCLUSION

The Court finds the Plaintiff's application to proceed *in forma pauperis* to be well-taken, and the Clerk is **DIRECTED** to file the complaint in this matter without prepayment of costs or fees. No process shall issue, however, until the District Judge has ruled upon this Report and Recommendation, because it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) as frivolous and for failure to state a federal claim upon which relief can be granted.

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of Gibson v. R.G. Smith Co., 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*[5].

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).