UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MARILYN POWELL,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )      No.:   3:10-CV-212
                                       )             (VARLAN/SHIRLEY)
ALCOA HIGH SCHOOL, and                 )
SCOTT PORTER,                          )
                                       )
            Defendants.                )

**MEMORANDUM OPINION**

This civil action is before the Court on the Report and Recommendation (the "R&R")

[Doc. 4], entered by United States Magistrate Judge C. Clifford Shirley, Jr. on May 13, 2010.

In the R&R, Judge Shirley granted plaintiff Marilyn Powell's application to proceed *in forma*

*pauperis* [Doc. 1] and directed the Clerk of Court to file the complaint in this matter without

payment of costs or fees.  However, Magistrate Judge Shirley also directed the Clerk of Court

not to issue process until this Court ruled upon the R&R, which also recommended that

plaintiff's complaint [Doc. 2] be dismissed under 28 U.S.C. § 1915(e) as frivolous and for

failure to state a claim upon which relief can be granted.  Plaintiff has filed objections to the

R&R [Doc. 5] and the matter is ripe for determination.

The Court has carefully reviewed the R&R, the underlying pleadings, and plaintiff's

objections to the R&R, all in light of the relevant law.  For the reasons set forth below, this

Court adopts the recommendation of Magistrate Judge Shirley and plaintiff's complaint will

be dismissed.

# I.    Analysis

## A.    Relevant Facts

Besides this action, plaintiff has filed two other cases in this Court which contained allegations pertaining to the same set of events as those plaintiff attempts to set forth in this complaint, the suspension of C.P., plaintiff's son, from Alcoa High School [*see Powell v. Alcoa High School, et al.*, 3:09-CV-113 ("Case No. 3:09-CV-113"); *Powell v. Alcoa City Schools, et al.*, 3:09-CV-248, ("Case No. 3:09-CV-248")].  In both this action and those two cases, plaintiff has asserted constitutional violations under 42 U.S.C. § 1983 and violations of the Individual with Disabilities Education Act ("IDEA") against Alcoa High School, Alcoa High School's principal, Scott Porter ("Mr. Porter), and various other entities and individuals [*see* Doc. 2; Case No. 3:09-CV-113, Doc. 1; Case No. 3:09-CV-248, Doc. 3].

As throughly explained in the R&R, on September 14, 2009, in Case No. 3:09-CV-248, Magistrate Judge Shirley dismissed plaintiff's allegations and closed that case upon plaintiff's representation that her claims could be pursued in Case No. 3:09-CV-113 and because plaintiff's claims under the IDEA were premature as the available administrative remedies had not been exhausted [Case No. 3:09-CV-248, Docs. 18, 19].  On February 16, 2010, this Court dismissed plaintiff's constitutional claims in Case No. 3:09-CV-113, closing that case as well [*see* Case No. 3:09-CV-113, Docs. 22, 23].

As to this action, Magistrate Judge Shirley reviewed plaintiff's claims and allegations in her complaint, and, finding no basis upon which to distinguish the present allegations from those previously dismissed in the other actions, Judge Shirley recommended that this action

be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Magistrate

Judge Shirley also granted plaintiff's application for leave to proceed *in forma pauperis* and

directed the Clerk of Court not to issue process until this Court's ruling upon the R&R.

Plaintiff has filed objections to the R&R, objecting to Judge Shirley's recommendation that

her complaint be dismissed for failure to state a claim.

**B.      Standard of Review**

This Court must conduct a de novo review of portions of the magistrate judge's R&R

to which a party objects unless the objections are frivolous, conclusive, or general.  *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations" made by the magistrate judge.  28 U.S.C. § 636(b)(1).

**C.      Plaintiff's Objections**

Plaintiff's first objection is to Magistrate Judge Shirley's summary of the factual

allegations underlying plaintiff's claims.  Magistrate Judge Shirley stated that C.P. was a

sophomore when he was suspended from Alcoa High School [Doc. 4, p. 2].  Plaintiff asserts

that this was in error because C.P. was a freshman and not a sophomore during the 2008-

2009 year [Doc. 5, p. 1].  Accepting as true plaintiff's statement that C.P. was a freshman and

not a sophomore, this slight change in the factual allegations does not affect the nature of

plaintiff's claims for constitutional violations under 42 U.S.C. § 1983.  Accordingly, because

this objection is irrelevant to Judge Shirley's recommendations, it is hereby overruled.

Plaintiff's second objection, while unclear, seems to pertain to Magistrate Judge Shirley's dismissal of plaintiff's claims under the IDEA in Case No. 3:09-CV-248 [Doc. 4, p. 2]. Plaintiff seems to be asserting that she has a right to file a complaint in federal court in order to obtain a 504 plan for her son pursuant to Section 504 of the Rehabilitation Act , regardless of whether she has followed the procedures set forth by the Office for Civil Rights.[1] 29 U.S.C. § 794(a). Upon the Court's review of the complaint in this case, the Court notes that plaintiff did not allege a violation of the IDEA, but has only alleged violations of 42 U.S.C. § 1983. Further, in the memorandum opinion entered in Case No. 3:09-CV-248 on September 14, 2009, Magistrate Judge Shirley fully explained that because plaintiff did not follow the proper administrative procedures as required by the IDEA, plaintiff could not pursue her claims under the IDEA and obtain a 504 plan for C.P.[*see* Case No. 3:09-CV-248, Doc. 18]. Plaintiff did not appeal this judgment of the Magistrate Judge.[2] Thus, because plaintiff did not assert any IDEA claims or even articulate a request for a 504 plan in the instant complaint, and because Magistrate Judge Shirley thoroughly analyzed these issues in his previous memorandum opinion (which plaintiff did not appeal), the Court finds this objection frivolous and it is hereby overruled.

---

[1] Section 504 of the Rehabilitation Act provides that no individual with a disability shall be excluded or denied benefits from any program or activity receiving federal assistance solely by reason of his or her disability. *See* 29 U.S.C. § 794(a). When a claim under Section 504 involves public education, the court must consider the IDEA, which requires plaintiffs to first follow the administrative procedures outlined in 20 U.S.C. § 1415. *See* 20 U.S.C. § 1415(1); *see also S.E. v. Grant County Bd. of Educ.*, 544 F.3d 633 (6th Cir. 2008).

[2] In Case No. 3:09-CV-248 all parties consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 [*see* Case No. 3:09-CV-248, Doc. 13].

Plaintiff's third objection consists of a series of objections in which plaintiff quotes various statements from Magistrate Judge Shirley's statement of the factual allegations and procedural history underlying the various cases plaintiff has filed in this Court, followed by a "Note" by plaintiff stating that:

> The above is inappropriate to compare to present claims and has nothing to do with Mr. Porter suspending CP on February 4, 2009, not contacting me, subjecting him to a suspension without a hearing, and last but not least Defendant held a hearing without my present and neither was CP present.

[Doc. 5, pp. 3-4]. The Court is very familiar with the factual allegations plaintiff has attempted to assert in this complaint, as plaintiff has filed six other cases relating to the same set of facts—the events surrounding C.P.'s suspension from Alcoa High School. Upon the Court's review of plaintiff's allegations in this complaint and plaintiff's allegations in the other cases, the Court cannot agree with plaintiff's objection that Judge Shirley's summary of the factual allegations and procedural history has nothing to do with Mr. Porter's suspension of C.P. on February 4, 2009.[3]

In plaintiff's fourth objection, plaintiff asserts that her present complaint is an attempt to assert the constitutional claims she attempted to raise in Case No. 3:09-CV-113 but was

---

[3] *Powell v. Alcoa High School, et al.*, 3:09-CV-113; *Powell v. Helen Ross McNabb Home Base Program et al.*, 3:09-CV-171; *Powell v. Alcoa City Schools, et al.*, 3:09-CV-248; *Powell v. Blount County Juvenile Detention Center*, 3:09-CV-277; *Powell v. Blount County Juvenile Detention Center, et al.*, 3:09-CV-411; *Powell v. State of Tennessee*, 3:10-CV-126; and *Powell v. Alcoa Police Dept.*, 3:10-CV-221. The factual allegations in the complaints filed in these six actions all pertain to C.P.'s suspension from Alcoa High School and/or the subsequent judicial proceedings pertaining to C.P. in the Blount County Juvenile Justice System.

unable to assert because this Court denied plaintiff's motion to amend her complaint without taking into consideration plaintiff's *pro se* status [Doc. 5, p. 4]. The Court has carefully reviewed the relevant order and the motion to amend from Case No. 3:09-CV-113 and does not agree that the Court did not consider plaintiff's *pro se* status or that the Court was in error in denying the motion [*see* Case No. 3:09-CV-113, Docs. 4, 20].

First, plaintiff's motion to amend was substantively improper as it did not include any proposed amendments or give any grounds supporting any proposed amendments. Second, plaintiff's motion to amend was procedurally improper pursuant to Local Rule 15.1 because it did not include a proposed amended pleading. *See* E.D. TN. L.R. 15.1. Third, the Court did in fact consider plaintiff's *pro se* status as evidenced by the fact that it denied the motion to amend "without prejudice," thus permitting plaintiff to re-file her motion to amend to correct the deficiencies identified in the Court's order [Doc. 20, p. 3]. Plaintiff did not file another motion to amend.

Plaintiff is correct that she is proceeding *pro se*, and the Court has reviewed the many pleadings filed by plaintiff based on the less stringent standard afforded a *pro se* litigant. However, the fact that plaintiff is a *pro se* litigant does not permit her to file multiple suits against various entities and individuals asserting essentially the same factual allegations and claims plaintiff has asserted multiple times before—allegations and claims that this Court has clearly and repeatedly denied for various reasons, both substantively and procedurally. Accordingly, to the extent the Court's denial of plaintiff's motion to amend has any bearing

on this case, and because the motion to amend was properly denied, this objection is also hereby overruled.

### D. Failure to State a Claim

Plaintiff's fifth objection is that the present complaint is not frivolous and does not fail to state a federal claim upon which relief may be granted [Doc. 5, p. 4]. In the complaint, plaintiff asserts that the circumstances surrounding C.P.'s suspension constitutes a violation of C.P.'s civil rights, specifically, C.P.'s right to due process under the Fourteenth Amendment to the U.S. Constitution. Plaintiff brought essentially the same claim in Case No. 3:09-CV-113, which the Court dismissed because plaintiff has asserted allegations and claims arising out of plaintiff's representation of the interests and rights of C.P. and not of herself [Case No. 3:09-CV-113 , Doc. 22]. Under Local Rule 83.5(a)(1), an individual who purports to represent the interests of others, not themselves, must be licensed to practice law. E.D. TN. L.R. 83.5(a)(1).

It appears to the Court that plaintiff has attempted to remedy the defect in her complaint in Case No. 3:09-CV-113 by naming only herself in the caption of the present complaint and by asserting that "CP and myself" were deprived of rights, privileges, or immunities [Doc. 2, p. 2]. However, this change cannot save the present complaint as it also fails to state a claim for which relief may be granted.

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only that a plaintiff give "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order

to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading must instead "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1937.

Plaintiff's complaint clearly falls short of the plausibility standard of *Twombly/Iqbal*. As facts supporting plaintiff's claim for a violation of 42 U.S.C. § 1983 for deprivation of rights secured by the Fourteenth Amendment, plaintiff has alleged only that Mr. Porter suspended C.P. without contacting her and that he did not give C.P. the opportunity to explain his version of what happened. Title 42 U.S.C. § 1983 creates a remedy for those denied "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 alone, however, does not create substantive rights. Rather, the statute provides:

> [A] mechanism for enforcing individual rights "secured" elsewhere, *i.e.*, rights independently "secured by the Constitution and laws" of the

United States. "[O]ne cannot go into court and claim a 'violation of §
1983'—for § 1983 by itself does not protect anyone against anything."

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quoting *Chapman v. Houston Welfare
Rights Org.*, 441 U.S. 600, 617 (1979); *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th
Cir. 2006).

In order to state a claim under section 1983, a plaintiff would need to demonstrate: (1)
a deprivation of a right secured by the Constitution or laws of the United States; (2) caused
by a person acting under color of state law; and (3) occurring without due process of law.
42 U.S.C. § 1983; *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994).
Finally, because section 1983 is not itself a source of substantive rights, but only a method
for vindicating federal rights conferred elsewhere, a plaintiff must set forth specific
constitutional grounds for asserting a section 1983 claim. *Adair v. Charter County of Wayne*,
452 F.3d 482, 492 (6th Cir. 2006); *see also Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

Even viewed in a light most favorable to plaintiff as a *pro se* litigant, *see Jourdan v.
Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), this Court cannot conclude that plaintiff has stated
a section 1983 claim based upon Mr. Porter's deprivation of her civil rights based on Mr.
Porter's suspension of C.P. Not only does it appear to the Court that it is still C.P.'s due
process rights whom plaintiff is attempting to represent, but plaintiff has not alleged any facts
relative to her alleged deprivation of rights or how she has been denied due process as a
result of C.P.'s suspension. As such, the Court cannot conclude that plaintiff has stated a

claim for which relief may be granted under section 1983.[4]  Accordingly, plaintiff's fifth

objection is hereby overruled because plaintiff has failed to state a claim for which relief may

be granted and because the Court does not agree that plaintiff's claim in the instant complaint

is different or apart from her claims in the other cases plaintiff has filed in this Court,

particularly, the claims plaintiff asserted in Case No. 3:09-CV-113 and Case No. 3:09-CV-

248.

## II.    Conclusion

For the reasons stated above, the Court is in agreement with Magistrate Judge

Shirley's recommendations.    The Court **ACCEPTS IN WHOLE** the Report and

Recommendation [Doc. 4], in which Judge Shirley granted plaintiff's application to proceed

*in forma pauperis* [Doc. 1] and recommended that her complaint be dismissed under 28

U.S.C. § 1915(e).  Thus, in light of the Court's acceptance of the R&R, no service of process

shall issue and plaintiff's complaint [Doc. 2] is hereby **DISMISSED** under 28 U.S.C. §

1915(e) as frivolous and for failure to state a claim upon which relief can be granted.  The

Clerk of Court is hereby **DIRECTED** to close this case.  An appropriate order will be

entered.

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff has filed, at the minimum, two other cases, and at the maximum, five other cases
involving this same set of events.