UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARILYN POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-212 |
| | ) | |
| ALCOA HIGH SCHOOL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiff's Motion/Application for Leave to Appeal *In Forma Pauperis* [Doc. 9], which has been referred to this Court by order [Doc. 10] of the District Court, pursuant to 28 U.S.C. § 636(b) and the Rules of this Court, for disposition or for report and recommendation as may be appropriate. The Plaintiff has filed the above described Motion/Application for Leave to Appeal *In Forma Pauperis* [Doc. 9],[1] along with a Notice of Appeal [Doc. 8].

In her Motion/Application to Proceed In Forma Pauperis [Doc. 9], the Plaintiff asks to proceed on appeal without payment of fees or costs. Rule 24 of the Rules of Appellate Procedure requires that parties seeking to proceed *in forma pauperis* file an in the district court that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

---

[1] Though the title of the document that the Plaintiff has filed states that it is an "Application to Proceed in District Court Without Prepaying Fees or Costs," the motion/application has been filed with a notice of appeal that clearly indicates it is meant as a request for waiver of any fees associated with the appeal. It will be treated as such.

    (B) claims an entitlement to redress; and

    (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

  The Plaintiff has provided an affidavit that includes a statement of her total assets, debts, and income and demonstrates that the Plaintiff's current financial situation is one of little income (disability benefits), no assets, and significant debts. [Doc. 9]. Thus, the Court finds that Part (A) of Rule 24 has been satisfied.

  However, the Plaintiff has failed to meet the requires of Subsections (B) and (C) of Rule 24. The Plaintiff's Notice of Appeal does not state any judgment or order which she intends to appeal, does not include an entitlement to redress, and does not identify any issues to be presented on appeal. It simply states her name, the date, and her address. [Doc. 8]. Even taking into consideration the Plaintiff's *pro se* status and construing the pleadings in a liberal fashion, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court finds that the Plaintiff has failed to identify the issues or entitlement to redress to be addressed on appeal. Thus, the Court finds that Parts (B) and (C) of Rule 24 have not been satisfied. Accordingly, the Court finds that the Plaintiff has not fulfilled the requirements for leave to proceed *in forma pauperis*, as outlined in Rule 24 of the Federal Rules of Appellate Procedure.

The Court finds that the Plaintiff's Motion/Application **[Doc. 9]** is not well-taken, and it is hereby **RECOMMENDED**[2] that the motion be **DENIED**.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).