UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MARILYN POWELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-212 |
| | ) | (VARLAN/SHIRLEY) |
| ALCOA HIGH SCHOOL and | ) | |
| SCOTT PORTER, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This civil action is before the Court on the Report and Recommendation (the "R&R") [Doc. 11], entered by United States Magistrate Judge C. Clifford Shirley, Jr. on July 20, 2010. In the R&R, Judge Shirley found that plaintiff has not fulfilled the requirements for leave to proceed *in forma pauperis*, as outlined in Rule 24 of the Federal Rules of Appellate Procedure. Accordingly, the magistrate judge recommended that plaintiff's Motion/Application for Leave to Appeal *In Forma Pauperis* (the "motion/application to proceed *in forma pauperis*") [Doc. 9] be denied. Plaintiff has filed an objection to the R&R [Doc. 12].

## I. Standard of Review

This Court must conduct a *de novo* review of portions of the magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636,

637 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1). In light of this standard, the relevant law, and plaintiff's status as a *pro se* litigant, the Court has carefully reviewed Judge Shirley's R&R [Doc. 11], the underlying motion/application to proceed *in forma pauperis* [Doc. 9], plaintiff's notice of appeal [Doc. 8], and plaintiff's objection [Doc. 12]. For the reasons set forth herein, plaintiff's objection will be overruled and the R&R will be accepted in whole.

**II.    Analysis**

In the R&R, Magistrate Judge Shirley found that even taking into consideration plaintiff's *pro se* status, plaintiff's notice of appeal [Doc. 8], filed along with her motion/application to proceed *in forma pauperis* [Doc. 9], fails to meet the requirements of subsections (B) and (C) of Rule 24 because it does not state any judgment or order which she intends to appeal, does not include an entitlement to redress, and does not identify any issues to be presented on appeal [Doc. 11, p. 2]. *See* Fed. R. App. P. 24(a)(1). In her objection, plaintiff has attempted to remedy the deficiencies identified by the magistrate judge by stating that she intends to present the following three issues on appeal:

> (1)   The Court did err by not allowing plaintiff the opportunity to submit evidence in support of her claim.
>
> (2)    The Court did err by dismissing the claim without instruction of how pleadings were deficient and how to repair pleadings.
>
> (3)   The Court did violate plaintiffs constitutional rights.

[Doc. 12, p. 4].[1]

Under Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, a party who has proceeded *in forma pauperis* in the district court is entitled to pauper status without further authorization on appeal, unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding. Fed. R. App. P. 24(a)(3)(A); *see Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). Likewise, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3).

In order to meet a good faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous. *Scott v. Patrick*, No. 1:06-cv-568, 2007 WL 426519, at *1 (W.D. Mich. Feb. 2, 2007); *Ishaaq v. Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995). Rule 24(a)(1) requires an affidavit by the plaintiff identifying the issues the party intends to present on appeal and which support her belief that she is a person entitled to redress. Fed. R. App. P. 24(a)(1)(B), (C); 28 U.S.C. § 1915(a)(1); *Scott*, 2007 WL 426519 ("Section 1915(a)(1) requires an affidavit by plaintiff identifying the 'nature' of his appeal, including some specificity identifying the basis of the appeal, supporting his belief that he is a person 'entitled to redress.'"). This requirement is designed to assist courts in the

---

[1] Plaintiff has filed a substantially similar, if not identical, objection in another case in which plaintiff has submitted a motion for *in forma pauperis* and a notice of appeal [*see Marilyn Powell v. State of Tennessee, et al.*, Case Number 3:10-CV-126, Doc. 27].

process of determining whether an appeal is taken in good faith. *See, e.g., Callihan*, 178 F.3d at 803 ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal."). "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004).

Applying these standards, and after reviewing plaintiff's objection, the Court finds that plaintiff has not identified why plaintiff is entitled to redress, including the identification of any law, fact, or specific finding by the Court which might provide a basis for an appeal. Rather, plaintiff has only made general assertions of error. In addition, issues similar to the ones identified in plaintiff's objection were thoroughly and properly addressed in the report and recommendation, issued by Magistrate Judge Shirley on May 13, 2010 [Doc. 4], and in this Court's memorandum opinion and order, entered on June 24, 2010, accepting in whole the magistrate judge's recommendation [Docs. 6, 7]. Finally, plaintiff has not identified the basis for why these issues should be appealed beyond allegations that this Court has not properly considered plaintiff's *pro se* status.

In the Court's opinion, issued on June 24, the Court determined, among other issues: that plaintiff's complaint failed to state a claim upon which relief may be granted, even if plaintiff were allowed to amend her complaint; plaintiff's claims were frivolous because she had asserted variations of the same claims in at least two prior lawsuits; plaintiff could not pursue a claim under the Individual with Disabilities Education Act; and this Court properly considered plaintiff's *pro se* status when considering her prior pleadings. Rather, as stated

in the Court's prior opinion and reiterated here, this Court has, several times, taken into consideration plaintiff's *pro se* status when reviewing her pleadings. Thus, in light of the lack of specific issues or supporting law and/or facts accompanying plaintiff's objection and the Court's prior opinion, the Court concludes that plaintiff has not identified any non-frivolous issues or arguments to be addressed on appeal.

In addition, the Sixth Circuit requires that district courts in this circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, such as this case, whether the appeal is frivolous. *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir.1997). Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Rule 24(a). *See Callihan*, 178 F.3d at 803-04. Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the court of appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Coppedge*, 369 U.S. at 445-46. The same considerations that lead the Court to dismiss this case compels the conclusion that an appeal would not be taken in good faith.

### III. Conclusion

Accordingly, and for the reasons stated above, the Court is in agreement with Magistrate Judge Shirley's recommendation and further finds that plaintiff's objection fails to present any non-frivolous issues or arguments to be addressed on appeal. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 11] and **OVERRULES** plaintiff's objection [Doc. 12].

In addition to the above, this Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff would not be taken in good faith and plaintiff may not proceed on appeal *in forma pauperis*. Plaintiff's motion/application to proceed *in forma pauperis* [Doc. 9] is, therefore, **DENIED**. If plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE